**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-16575 |
| Plaintiff - Appellee, | D.C. Nos.  4:05-cv-03756-DLJ |
| v. | 4:98-cr-40082-DLJ-3 |
| KEVIN LEE DAVIS, AKA Slow, AKA Yellow Dude, | MEMORANDUM[*] AND ORDER |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, Senior District Judge, Presiding

Argued and Submitted June 11, 2014
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Kevin Davis appeals the district court's denial of his motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The sole issue on appeal is whether the admission of the statement of Sandy Medina was harmless error. Davis's trial

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

took place before the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004). Medina's arrest precipitated Davis's prosecution, and her refusal to testify was unexpected. Her statement to police was read to the jury toward the end of the prosecution's case, and the prosecutor did refer to it repeatedly during closing and rebuttal. The applicable harmless error standard is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) (per curiam).

We have said that the factors we apply in determining whether a Confrontation Clause violation satisfies that standard are: the importance of the testimony in the government's case; whether the testimony was cumulative; the presence or absence of evidence corroborating or contradicting the testimony; the extent of cross-examination permitted; and the overall strength of the government's case. *Whelchel v. Washington*, 232 F.3d 1197, 1206 (9th Cir. 2000) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986)).

Here, the evidence against Davis was overwhelming. It included pager codes, recorded telephone conversations, expert testimony, co-conspirator testimony, surveillance, and physical evidence. While it was convenient for the government to place some emphasis on Medina's statement when it appeared that

2

it was properly admissible, the statement added little to the government's case. It merely provided concise corroboration for what the government had proved over the course of the two-month trial.

Davis has also moved to strike Volume VI of the government's excerpts of record. Volume VI consists of the transcripts of intercepted phone calls between Davis and his co-conspirators. Davis points out that only the tapes themselves, not the transcripts, were admitted into evidence. The transcripts were part of the record on direct appeal, and Davis has never contended that there was any inaccuracy. The motion to strike is therefore denied.

The judgment of the district court is **AFFIRMED**, and Davis's motion to strike is **DENIED**.